The seven plaintiffs in this case, before us on defendant’s motion for summary judgment, are former civilian employees of Tinker Air Force Base (AFB), Oklahoma. They were all removed from employment for filing fraudulent travel vouchers and have instituted suit for reinstatement and back pay. Defendant’s motion is unopposed by plaintiffs, who evidently rely upon their brief petition and the material compiled in the record for support of their case. For reasons stated below, we grant defendant’s motion and dismiss plaintiffs’ petition.
As noted, plaintiffs were civilian employees of the Oklahoma City Air Logistics Center, Tinker AFB, employed as freight loaders, freight foremen, and cargo schedulers. Beginning in August 1975 and continuing until March 1976 each plaintiff was temporarily assigned to Sheppard AFB, Wichita Falls, Texas, for one or two weeks of training. While assigned to Sheppard AFB each plaintiff stayed at the River Oaks Motor Hotel in Wichita Falls. Upon investigation each plaintiff was found to have *968 intentionally submitted "padded” travel vouchers regarding the charges of the hotel. Several of the individuals removed frankly admitted they fraudulently filled out and submitted the travel vouchers. Plaintiffs were duly notified of the charges against them, their proposed dismissal, and were subsequently removed from employment. Each appealed the removal action to the Federal Employee Appeals Authority, United States Civil Service Commission, Dallas Field Office (FEAA), which affirmed the removal action in seven separate decisions.
Before this court plaintiffs repeat the due process and procedural objections raised before the FEAA.[1] After having carefully reviewed the administrative decisions in light of these objections we find the decision in each case is supported by substantial evidence, is neither arbitrary nor capricious, is not procedurally defective, and is otherwise legally correct. Hoover v. United States, 206 Ct. Cl. 640, 513 F. 2d 603 (1975); Power v. United States, 209 Ct. Cl. 126, 129-30, 531 F. 2d 505, 507 (1976) (hereinafter "Power”).
Plaintiffs also raise the question of whether their punishment of removal was unduly harsh given the nature of the offenses and their records of service. In Power we found the punishment of dismissal for submission of an allegedly false claim for travel expenses to be so out of proportion to the alleged offense as to constitute an abuse of discretion by the agency. Power emphasized the importance of the element of intent and noted it was doubtful that the employee had acted wilfully and intentionally in submitting his incorrect expense account. 209 Ct. Cl. at 132, 531 F. 2d at 508.[2] See also Boyce v. United States, 211 Ct. Cl. 57, 64, 543 F. 2d 1290, 1293 (1976); Rifkin v. United States, 209 Ct. Cl. 566, 588 (1976), cert. denied, 429 U.S. *969 1098 (1977). Moreover, because the erroneous amounts claimed were already above the maximum reimbursement plaintiff in Power could receive, the error did not "portent a loss to the Government.” 209 Ct. Cl. at 132, 531 F. 2d at 508.
The facts presented by plaintiffs in this case are different. Here the conclusion in each case that the respective employee deliberately submitted a "padded” travel voucher is documented by substantial evidence. The deliberate falsification benefited the employee and worked to the loss of the Government. Under these circumstances, we cannot say the decision of the agency is unsupported by substantial evidence, Jacobowitz v. United States, 191 Ct. Cl. 444, 424 F. 2d 555 (1970), or constitutes an abuse of discretion, Pascal v. United States, 211 Ct. Cl. 183, 543 F. 2d 1284 (1976).
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, that defendant’s motion is granted and plaintiffs’ petition is dismissed.
Plaintiffs’ motion for rehearing was denied February 29, 1980.

 Such as failure to provide a jury trial [there is no statutory or constitutional right to a trial by jury when an employee is removed from federal service, see Arnett v. Kennedy, 416 U.S. 134 (1974)]; failure of the notices of proposed removal to specify that plaintiffs were being charged with intentionally falsifying vouchers (yet each notice explicitly stated the individual was to be removed for "deliberate falsification” of a travel voucher); failure to make certain Air Force Office of Special Investigations (OSI) reports available to plaintiffs (yet there is no evidence that the agency relied on any material in the OSI investigation which was not made available to plaintiffs).

 In Hoover, supra, a case very similar to this, we sustained the removal of an IRS tax technician who had deliberately claimed deductions for, inter alia, medical expenses to which he was not entitled.